IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEUNDRA DEMARKO MILHOUSE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-489-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is federal inmate Deundra Demarko Milhouse's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. 1. For the reasons that follow, it is the recommendation of the Magistrate Judge that the motion be denied and this case be dismissed with prejudice.

## **I. INTRODUCTION**

On April 1, 2014, Milhouse pleaded guilty under a plea agreement to all three counts of an information charging him with access-device fraud, in violation of 18 U.S.C. § 1029(a)(2) (Count One); aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count Two); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Three). After a sentencing hearing on July 8, 2014, the district court sentenced Milhouse to 81 months in prison, comprising concurrent terms of 57 months each for the access-device-fraud and felon-in-possession counts, and a 24-month consecutive term for the aggravated-identity-theft count. No direct appeal followed.

On July 6, 2015, Milhouse filed this § 2255 motion claiming that his counsel was

ineffective for advising him to plead guilty under a plea agreement providing that the access-device-fraud count and felon-in-possession count in the information were not closely related counts for purposes of grouping under U.S.S.G. § 3D1.2. Doc. 1 at 3.

## II. DISCUSSION

### A. General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B. Ineffective Assistance of Counsel

#### 1. *Strickland* Standard

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694; *see Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel performed reasonably. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been met. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

2. **Milhouse's Claim**

Milhouse claims that his trial counsel was ineffective for advising him to plead guilty under, and failing to object to, a plea agreement that provided the access-device-

fraud count (Count One)[1] and felon-in-possession count (Count Three)[2] were not closely related counts for purposes of grouping under U.S.S.G. § 3D1.2.[3] Doc. 1 at 3. Milhouse's plea agreement contained a provision expressly stating that Counts One and Three were not closely related under § 3D1.2. *See* Doc. 4-3 at 4.

Under the United States Sentencing Guidelines, counts of conviction are to be grouped together for purposes of calculating the appropriate guidelines range whenever they involve "substantially the same harm." U.S.S.G. § 3D1.2. Section 3D1.2 provides that counts involve substantially the same harm when (a) they "involve the same victim and the same act or transaction"; (b) they "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan"; (c) "one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts"; or (d) the offense level for each count "is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior." U.S.S.G. § 3D1.2(a)–(d).

---

[1] Milhouse's access-device-fraud conviction stemmed from his directing of tax refunds from fraudulent tax returns to a prepaid debit card (the "access device") linked to a financial institution, which he then used to make cash withdrawals. *See* Doc. 5-1 at 6–10 & 11–24.

[2] Milhouse, who had a prior felony conviction, was discovered in possession of a handgun when fleeing from his car after a deputy sheriff initiated a traffic stop of his vehicle. *See* Doc. 5-1 at 5–6 & 8–9.

[3] When a defendant is convicted of more than one count, § 3D1.1 of the United States Sentencing Guidelines instructs the district court to group the counts "into distinct Groups of Closely Related Counts" by applying the rules in § 3D1.2. The district court then determines the offense level for each Group by applying the rules in U.S.S.G. § 3D1.3. After that calculation, the district court determines the "combined offense level" applicable to all "Groups taken together" by applying the rules in U.S.S.G. § 3D1.4. *See* U.S.S.G. § 3D1.1(a)(1)–(3).

Consistent with the provision in Milhouse's plea agreement, the presentence investigation report ("PSR") did not group his access-device-fraud conviction (Count One) and his felon-in-possession conviction (Count Three) under § 3D1.2, deeming the counts "not closely related."[4] Instead, the PSR applied U.S.S.G. § 3D1.4 to determine the combined offense level for Milhouse's crimes. *See* Doc. 5-1 at 11 & 33. Section 3D1.4 instructs the district court to increase the offense level of the most serious crime (the one with the highest offense level) by the number of offense levels indicated in a table provided within § 3D1.4. According to that table, the increase in offense level is computed by adding the number of "Units" associated with the offenses. *See* U.S.S.G. § 3D1.4(a)–(b). In Milhouse's case, a total of 1.5 Units were associated with Counts One and Three.[5] Using the table in § 3D1.4, 1.5 Units corresponds to a one-level increase in the highest offense level. *See* U.S.S.G. § 3D1.4. Therefore, the PSR recommended an increase of the highest offense level (for access-device fraud) from 26 to 27, which became the combined offense level for Counts One and Three. *See* Doc. 5-1 at 13 & 51–53.

The district court, without objection, adopted the PSR's recommendations regarding Milhouse's offense level. Milhouse's combined offense level of 27 for Counts One and Three was reduced by a total of three levels for acceptance of responsibility under U.S.S.G.

---

[4] Milhouse's aggravated-identity-theft conviction under Count Two of the information was not grouped with the other counts of conviction for a different reason. Under U.S.S.G. § 3D1.1(b)(2), a conviction for violating 18 U.S.C. § 1028A is excluded from the grouping provisions of § 3D1.1. Consequently, Milhouse's aggravated-identity-theft conviction was excluded from consideration for grouping, and a mandatory consecutive sentence of 24 months of imprisonment was imposed for that count.

[5] The highest offense level (26, for Count One, access-device fraud) counted as one Unit. Count Three (the felon-in-possession count) had an offense level of 20. The six-level difference between Counts One and Three added an additional 0.5 Units under § 3D1.4. *See* U.S.S.G. § 3D1.4(a)–(b); Doc. 5-1 at 13 & 50.

§ 3E1.1(a)–(b). *See* Doc. 5-1 at 13 & 55–56. The resulting total adjusted offense level of 24 for the two counts, when combined with Milhouse's Criminal History Category of III, yielded an advisory guideline range of 63 to 78 months. The district court then applied a downward variance to reduce Milhouse's sentence for Counts One and Three to concurrent terms of 57 months. Doc. 4-5 at 23.

Milhouse argues that the access-device-fraud and felon-in-possession counts should have been grouped together under § 3D1.2 because the two counts involved substantially the same harm, were connected by a common criminal objective, and were part of the same course of conduct. Doc. 1 at 3; Doc. 9 at 3–6. He maintains that his counsel's failure to object to the non-grouping of the two counts resulted in a sentence six months longer than if the counts had been grouped. Doc. 1 at 3.

Milhouse's argument that the non-grouping of Counts One and Three under § 3D1.2 resulted in at least six months of additional time on his sentence appears to be based on the assumption that his calculated offense level would have been one level lower had Counts One and Three been grouped, and thus that his total adjusted offense level for the two counts would have been 23.[6] However, Milhouse's sentence ultimately was not a guideline sentence but was the product of a variance applied by the district court. Thus, Milhouse's claim that the non-grouping of Counts One and Three resulted in the imposition of a longer sentence is based on speculation that the district court would varied below 57 months for Counts One and Three when the sentence actually imposed for those counts was outside of

---

[6] In other words, Milhouse seems to argue that grouping Counts One and Three under § 3D1.2 would have eliminated the one-level increase under § 3D1.4.

the calculated guidelines range.

Moreover, as already noted, the non-grouping of Counts One and Three was an express provision of Milhouse's plea agreement. *See* Doc. 4-3 at 4. An objection to this provision at sentencing would have run counter to the plea agreement and may have put at risk the Government's willingness to recommend that Milhouse receive credit for acceptance of responsibility under U.S.S.G. § 3E1.1(a)–(b) and the benefit of other favorable terms of the plea agreement, as well as the Government's consent to the downward variance granted by the district court.

Milhouse also makes no claim that, but for counsel's alleged error, he would have pleaded not guilty and instead would have insisted on going to trial. Consequently, if his intention in his § 2255 motion is to attack the validity of his guilty plea, he cannot demonstrate the prejudice required to obtain relief though a claim of ineffective assistance of counsel. A petitioner alleging ineffective assistance of counsel in this context must show that counsel's performance "affected the outcome of the plea process" by showing that "there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded [not] guilty and would . . . have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). Milhouse makes no such showing, and indeed does not even claim that he was induced to plead guilty based on an error by his counsel.

Finally, Milhouse's core claim that his access-device-fraud conviction and felon-in-possession conviction should have been grouped together under § 3D1.2 lacks merit. Under § 3D1.2(b), which contains the "common criminal objective" language Milhouse cites, only counts that "involve the same victim" may be grouped together in a single group.

U.S.S.G. § 3D1.2(b). Milhouse's access-device-fraud conviction and felon-in-possession conviction involved distinct victims. The IRS division of the United States Treasury Department was the victim of Milhouse's access-device fraud. *See* Doc. 5-1 at 10 & 25. The public at large was the victim of his felon-in-possession offense. *See United States v. Hererra*, 265 F.3d 349, 352–53 (6th Cir. 2001) (noting that 18 U.S.C. § 922(g) protects society against those who have been determined unqualified to possess firearms). Thus, § 3D1.2(b) would not have supported the grouping of the two counts. *See United States v. Jimenez-Cardenas*, 684 F.3d 1237, 1239–40 (11th Cir. 2012) (rejecting grouping of illegal re-entry conviction and felon-in-possession conviction because convictions did not have a victim directly affected by the offenses and statutes of conviction did not further the same societal interest); *United States v. Torrealba*, 339 F.3d 1238, 1243 (11th Cir. 2003) (refusing to group three separate kidnapping offenses under § 3D1.2(b) because each offense harmed a distinct victim); *United States v. Harper*, 972 F.2d 321, 321–22 (11th Cir. 1992) (per curiam) (rejecting grouping of drug trafficking and money laundering offenses because both were victimless crimes "invad[ing] distinct societal interests").

Milhouse asserts that grouping the counts under § 3D1.2(d) would have been proper because the offenses were part of "the same course of conduct." Doc. 9 at 3–6. Under subsection (d), counts are grouped if each guideline provision calculates the offense level for that count based on, among other things, some measure of aggregate harm, such as total loss or drug quantity. U.S.S.G. § 3D1.2(d). Subsection (d) includes a list of guidelines covering offenses predetermined to meet its requirements and provides that they "are to be grouped." *Id.* The applicable guideline for Milhouse's access-device-fraud conviction is

U.S.S.G. § 2B1.1. The applicable guideline for his felon-in-possession conviction is U.S.S.G. § 2K2.1. Both guidelines are included in the "to be grouped" list for § 3D1.2(d). However, grouping is not automatic even where the applicable guidelines are included in this list. *Harper*, 972 F.2d at 322. Rather, "[c]ounts involving offenses to which different offense guidelines apply are grouped together under subsection (d) if the offenses are of the same general type and otherwise meet the criteria for grouping under this subsection." U.S.S.G. § 3D1.2(d) cmt. n.6. The offenses must not only be similar in a general sense, but also "closely related" on the facts of the particular case. *Harper*, 972 F.2d at 322 ("[D]rug trafficking and money laundering are not crimes 'of the same general type;' nor are these offenses, under these facts, closely related."). Like the offenses in *Harper*, Milhouse's access-device-fraud offense and his felon-in-possession offense are two distinct crimes and are not of the same general type. Nor does Milhouse show that these offenses were closely related on the facts of the case. Thus, Eleventh Circuit precedent does not support Milhouse's claim that § 3D1.2(d) applies to his case.[7]

Milhouse's trial counsel correctly advised Milhouse to plead guilty to a sentence calculated under § 3D1.4 and acted properly in not objecting to the sentence. Counsel could not have been ineffective for failing to raise a meritless issue, and Milhouse cannot show prejudice. Consequently, Milhouse is entitled to no relief on his claim of ineffective assistance of counsel.

---

[7] Milhouse does not argue that either § 3D1.2(a) or § 3D1.2(c) warrants grouping in his case.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be DENIED and that this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before **May 18, 2017.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 4th day of May, 2017.

                                                      /s/ Gray M. Borden
                                      UNITED STATES MAGISTRATE JUDGE